UNITED STATES *v.* AMERICAN IMPORT CO. (No. 4188) [1]

United States Court of Customs and Patent Appeals, December 27, 1938

*Webster J. Oliver*, Assistant Attorney General (*Joseph E. Weil*, special attorney, of counsel), for the United States.

No appearance for appellee.

[Oral argument December 6, 1938, by Mr. Oliver]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

GARRETT, Presiding Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, First Division, sustaining importer's protest whereby importer seeks to recover certain duties assessed and collected upon an importation of merchandise known as isolepsis grass, a product resulting from a treatment given palm leaf.

The importation was made under the Tariff Act of 1930.

[1] C. A. D. 28.

The collector made classification and collected duties under paragraph 1518 of the act, the pertinent portions of which (with a slight paraphrase for the purpose of clarity) read:

PAR. 1518. * * * "artificial or ornamental * * * grasses, * * * or parts thereof, when composed wholly or in chief value of * * * materials" other than "yarns, threads, filaments, * * * and not specially provided for, 60 per centum ad valorem; * * * and all * * * articles not specially provided for, composed wholly or in chief value of * * * material above mentioned, shall be subject to the rate of duty provided in this paragraph for such materials, but not less than 60 per centum ad valorem."

The protest as filed made alternative claims under paragraphs 1537 (a), 1558 and 409, but during the course of the trial all claims were abandoned except that under 1537 (a), the pertinent portion of which reads:

PAR. 1537. (a) Manufactures of * * * grass, * * * palm leaf, * * * or of which these substances or any of them is the component material of chief value, not specially provided for, 25 per centum ad valorem * * *.

There was no appearance before us on behalf of appellee, nor was any brief filed on its behalf. It does not appear that the case was briefed before the trial court.

At the trial two physical exhibits were introduced in evidence. The first, marked Exhibit 1, consists of a single tuft of the material, while the second, marked Illustrative Exhibit A, consists of a number of tufts tied together with cord. While the record is somewhat confusing as to whether the importation consisted of single tufts or of a series of tufts tied together, upon the whole record we conclude that it was in the latter form as found by the trial court which said:

The subject of this protest is invoiced as "Green Grass Garlands." It is in five-yard lengths.

An examiner of merchandise at the port of San Francisco, Calif., testified, in substance, that the term "Isolepsis grass" is the trade name of the material, and that its structure is like the palm leaf of the giant palm, saying, "It [the palm leaf] is shredded and then it is softened."

In the case of *P. C. Kuyper & Co. et al.* v. *United States*, 17 C. C. P. A. (Customs) 22, T. D. 43320, which arose under the Tariff Act of 1922, we had before us merchandise which, in our decision, was described as follows:

The importation, so-called isolepsis grass, results from the stripping of palm leaf with the use of some kind of knife or machine, until it resembles a natural grass. It is then dyed and chemically treated for preservation, and, after being so treated, is used mainly for decorative purposes. It is frequently used with flowers, natural or artificial, in the same way that ferns, mosses, and grasses are used. It is sometimes dyed red, blue, purple, or other color. The isolepsis at bar is green.

It seems a fair assumption that the merchandise now before us is similar in character to that which was there involved.

There the merchandise was assessed by the collector under paragraph 1419 of the 1922 act which, so far as pertinent here, was, with an important exception, the prototype of paragraph 1518, *supra*, the exception being that in the 1922 act paragraph 1419 did not include artificial or ornamental grasses, whereas they are included in paragraph 1518, *supra*. The claim of the importer in that case, which we sustained, was under paragraph 1439 of the 1922 act, which so far as here pertinent, was the prototype of paragraph 1537 (a), *supra*. Since artificial grasses were not included in paragraph 1419 of the 1922 act, we had no occasion there to consider the applicability of that paragraph to the merchandise when treating it as a grass. In our decision, we said, *inter alia:*

The question * * * is: Is the merchandise "artificial or ornamental * * * leaves * * * or parts thereof, * * * not specially provided for," or "natural leaves, plants, * * * and parts thereof * * * not specially provided for," or is the merchandise a *manufacture of palm leaf, not specially provided for.* * * *

Palm leaf is a *natural leaf* and is a part of a *natural plant*, and palm leaf, when given an ornamental character, may also be said to be an *ornamental leaf*. But the importation at hand is more than a leaf or plant and is more than a part of a leaf or plant. It is a leaf or plant or parts thereof manufactured into another article, to wit, isolepsis. It ceased to be a natural leaf or a natural plant or a part thereof when the palm leaf was shredded and manufactured into an article resembling grass and known as isolepsis grass. * * *

In February 1932 (during our October 1931 term) there came before us the case of *United States* v. *Hulsizer, Inc.*, 19 C. C. P. A. (Customs) 379, T. D. 45512, in which isolepsis grass was again involved. That case arose under the 1930 act and involved the same paragraphs which are here involved. The trial court there held the merchandise classifiable under paragraph 1537, *supra*, upon the authority of the *Kuyper* case, *supra*. In reversing its judgment, we said:

The said *Kuyper* case would, apparently, be precisely in point and controlling were it not for the fact that in the Tariff Act of 1930 the Congress made a vital change in the law by inserting the word "grasses" in paragraph 1518 thereof, whereas in the act of 1922, paragraph 1419 (corresponding to said paragraph 1518 and involved in said *Kuyper* case) did not list grasses as one of the artificial products included for the 60 per centum duty.

Evidently this vital change was not brought to the attention of the court below, or, in some way, escaped its observation.

In said *Kuyper* case we held that, while the articles met the definition of artificial grass, such grasses were not provided for in paragraph 1419 of the act of 1922 but were aptly described in paragraph 1439 of said act as "manufactures of palm leaf," and were dutiable thereunder. That case was decided April 2, 1929, and it is a fair inference that said decision was before the Congress during the preparation and passage of the Tariff Act of 1930 and led that body to make the recited change in language.

At any rate, the alteration does meet the decision and leads to a conclusion in the case at bar different from that reached in the *Kuyper* case.

In October 1932 (during our October 1932 term) there came before us the case of *United States* v. *Ely & Walker Dry Goods Co.*, 20 C. C. P. A. (Customs) 204, T. D. 45984, which arose under the Tariff Act of 1922. Among the paragraphs there involved were 1439 and 1419 of that act. The merchandise there involved is described in our decision as "miniature wreaths, trees, etc., composed in chief value of palm-leaf fiber." There is nothing to indicate that it was isolepsis grass, such as that in the *Kuyper* case, *supra*, and that at bar. The trial court in its decision, however, relied upon the authority of the *Kuyper* case, *supra*, and, in affirming its judgment, we quoted certain of our reasoning in that case as pertinent.

Our decision in the *Hulsizer* case, *supra* (arising under the 1930 act), was rendered February 20, 1932, and appears in our volume 19. The decision in the *Ely & Walker* case, *supra*, was rendered October 31, 1932, and appears in volume 20. It is possible that by reason of the dates some confusion as to which decision constitutes the last expression of this court upon the subject has arisen. It seems evident from the testimony of the examiner above alluded to that he thought of the decision in the *Ely & Walker* case, *supra*, as being controlling, and the trial court, in its decision in the instant case, refers to it, but makes no reference to the *Hulsizer* case, *supra*.

Obviously, the *Ely & Walker* case, *supra*, arising under the 1922 act, is not of itself controlling in the instant case (even if the merchandise were assumed to be similar in both cases) because of the change in language, appearing as above related, in the 1930 act under which the instant case arose.

The precise form in which the merchandise involved in the *Hulsizer* case, *supra* (that is, whether in the form of single tufts or in the form of a garland made up of many tufts), is not stated in our decision. We there described it as "An importation of what is known as isolepsis grass (being a product made by fraying out the ends of palm leaves and used as imitation grass in window displays and other places where artificial flowers and grasses are used) * * *." In the instant case, as has been said, the importation seems to have been in garland form. In view of the language of paragraph 1518, *supra*, however, we do not regard the form as being of consequence here.

Paragraph 1518, *supra*, provides not only for artificial grasses but also for articles composed wholly or in chief value of artificial grasses.

In our decision in the *Hulsizer* case, *supra*, it was said, in effect, that it might reasonably be presumed that Congress inserted "grasses" in paragraph 1518 of the 1930 act in view of our decision in the *Kuyper* case, *supra*. The correctness of our decision in the *Hulsizer* case, *supra*, has not been questioned in any subsequent judicial proceeding so far as we are advised. Certainly it was not questioned in the instant case. The principle of it, we regard as controlling.

It is unreasonable to suppose that it was the intent of Congress that garlands made of artificial grasses by simply tying the grasses together with cord should be assessed with lower duties than the grasses themselves. Assuming, without deciding, that a garland manufactured from tufts of isolepsis is a manufacture of palm leaf, it is not felt necessary here to enter upon a discussion or consideration of the relative specificity of paragraph 1537 (a), *supra*, and paragraph 1518, *supra*. "The rule of relative specificity is a rule of construction employed by the courts in trying to arrive at legislative intent. Like most rules of construction it is frequently found in conflict with other rules of construction and at times must yield in controlling influence. * * * The master rule in the construction of statutes is to so interpret them as to carry out the legislative intent." *United States* v. *Clay Adams Co., Inc.*, 20 C. C. P. A. (Customs) 285, T. D. 46078. See also *United States* v. *E. De Grandmont, Inc.*, 21 C. C. P. A. (Customs) 17, T. D. 46345.

The judgment of the United States Customs Court is *reversed*.

### CONCURRING OPINION

HATFIELD, Judge: In the case of *United States* v. *Hulsizer, Inc.*, 19 C. C. P. A. (Customs) 397, T. D. 45512, this court, for reasons therein stated which are recited in the majority opinion, held isolepsis grass, a manufacture of palm leaf, dutiable at 60 per centum ad valorem under the provision for artificial grasses contained in paragraph 1518 of the Tariff Act of 1930.

If the Congress did not intend that isolepsis grass,. a manufacture of palm leaf, should be dutiable under the provision for manufactures of palm leaf contained in paragraph 1537 (a) of the Tariff Act of 1930, as was held in the case of *United States* v. *Hulsizer, Inc.*, *supra*, it certainly did not intend that a manufacture of isolepsis grass should be dutiable under that provision. Accordingly, the question of relative specificity is not involved in a determination of the issues in this case.

The involved articles (garlands), being manufactures of isolepsis grass (an artificial grass), are clearly dutiable as manufactures of artificial grass under paragraph 1518, *supra*.